THOMAS E. WINNER
Nevada Bar No. 5168
VIRGINIA T. TOMOVA
Nevada Bar No. 12504
**ATKIN WINNER & SHERROD**
1117 South Rancho Drive
Las Vegas, Nevada 89102
Phone (702) 243-7000
Facsimile (702) 243-7059
twinner@awslawyers.com
vtomova@awslawyers.com
*Attorneys for Defendant National General Insurance Company*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| EARNEST PLATT,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>NATIONAL GENERAL INSURANCE COMPANY, DOES I-X, and ROE CORPORATIONS I-X, inclusive,<br><br>　　　　Defendants. | CASE NO.: 2:18-cv-00067 -RFB-CWH<br><br>**STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>*In compliance with Local Rule 26.1* |

Defendant, NATIONAL GENERAL INSURANCE COMPANY, by and through their attorneys of record, Thomas E. Winner and Virginia T. Tomova of ATKIN WINNER & SHERROD, and Plaintiff, EARNEST PLATT, by and through his counsel, Travis Dunsmoor of the RICHARD HARRIS LAW FIRM, respectfully submit the following Stipulated Discovery Plan and Scheduling Order, pursuant to local rule 26.1(b) and Federal Rule of Civil Procedure 26(f).

**PROPOSED SCHEDULE**

1. **Rule 26(f) Conference**: This matter was initially filed in the Eighth Judicial District Court in Clark County, Nevada by the Plaintiff Earnest Platt on November 15, 2017. The case was styled *Earnest Platt vs. National General Insurance Company, Does I-X, and Roe Corporations I-X, inclusive,* Case No. A-17-764747-C. The case was properly removed on **January 11, 2018**. Pursuant to Fed. R. Civ. P. 26(f), the parties held the initial discovery conference on **March 21, 2018**.

**2**. **Initial Disclosures**: No changes are necessary in the form or requirement for the disclosures under Fed.R.Civ.P.26(a). Plaintiff has not made his Initial List of Witnesses and Documents disclosure under Local Rule 26.1. Defendant made its Initial List of Witnesses and Documents disclosure under Local Rule 26.1 on or about **March 22, 2018**.

**3**. **Areas of Discovery**: The parties need to conduct discovery regarding (a) the allegations in Plaintiff's Complaint and (b) Defendant's defenses.

**4**. **Discovery Plan**: The Parties propose the following discovery plan:

**a.** **Discovery Cut-off Date(s):** L.R. 26(e)(1) provides that "unless the court orders otherwise, discovery periods longer than 180 days from the date the first defendant answers or appears will require special scheduling review." The parties agree that there is no need for a special scheduling review. The parties further agree that discovery will be conducted within 180 days from the date of the filing of Defendant's Answer to Plaintiff's Complaint, which was filed on or about **March 13, 2018**. Therefore, all discovery shall be completed no later than **September 10, 2018**.

**b.** **Amending Pleadings or Adding Parties**: Unless otherwise stated herein or ordered by the Court, the date for filing motions to amend the pleadings or to add parties shall not be later than ninety (90) days prior to the discovery cut-off date. Therefore, any such motion shall be filed no later than **June 12, 2018**.

**c.** **Disclosure of Expert Witnesses**: In accordance with Fed. R. Civ. P. 26(a)(2) and L.R. 26-1(3), disclosures identifying experts shall be made sixty (60) days prior to discovery cut-off date. Therefore, initial expert disclosures shall be made no later than **July 12, 2018**. Disclosures identifying rebuttal experts shall be made within thirty (30) days after the initial expert disclosures. Therefore, rebuttal expert disclosures shall be made no later than **August 13, 2018**.

**d**. **Interim Status Report**: Sixty (60) days prior to the close of discovery, the parties shall file an Interim Status Report, as required by LR 26-3, stating the time estimated for trial, three alternative dates for trial and whether trial will be proceeding or affected by substantive motions. Therefore, the Interim Status Report shall be filed no later than **July 12, 2018.**

**e**. **Dispositive Motions:** Dispositive motions must be filed within thirty (30) days after the close of discovery. Therefore, such motions shall be filed no later than **October 10, 2018**.

**f.** **Pre-Trial Order**: The parties will prepare a Joint Pre-Trial Order on or before **November 12, 2018**, which is no more than thirty (30) days after the date set for filing dispositive motions in the case. This deadline will be suspended if dispositive motions are timely filed until thirty (30) days after the decision of the dispositive motions or until further order by the Court. The disclosure required by Fed. R. Civ. P. 26(a)(3) and objections thereto, shall be made in the pre-trial order.

**g**. **Pre-Trial Disclosures**: L.R. 26-1(6) requires that pre-trial disclosures, pursuant to Fed. R. Civ. P. 26(a)(3), and any objections thereto shall be included in the Pre-Trial Order. However, the parties wish to deviate from that rule to permit a reasonable opportunity to evaluate a party's pre-trial disclosures and make well-reasoned objections thereto. The parties do not feel they can adequately do so under the modified schedule of L.R. 26-1(6). Therefore, the parties propose following the schedule in Fed. R. Civ. P. 26(a)(3)(B) which requires the parties to make pre-trial disclosures not later than thirty (30) days before trial and submit any objections thereto not later than fourteen (14) days before trial.

**h**. **Court Conference**: If the Court has questions regarding the dates proposed by the parties, the parties request a conference with the Court before entry of the Scheduling Order. If the Court does not have questions, the parties do not request a conference with the Court.

**5.** **Other orders that should be entered by the Court under Rule 26(c) or under Rules 16(b) and (c):**

The parties are not aware at this time of any other orders that should be entered by the Court under Rule 26(c) or Rules 16(b) and (c).

**6.** **E-discovery**. The parties agree that disclosure and discovery of electronically stored information should be produced in Portable Document Format (Adobe Acrobat) ("PDF Format") to allow for proper and consistent Bates numbering. The PDF documents are also to be produced in a recognize text Optical Character Recognition ('OCR") format. If in good faith a party questions the authenticity of an electronically stored document, or for other good faith reason, the party may request the PDF format document to be produced in its native format.

**7.** **Claw Back Agreement**. In the event that any Party (the "Discloser") produces material or documents without intending to waive a claim of privilege or confidentiality, the Discloser does not waive any claim of privilege or confidentiality if, within a reasonable amount of time after the Discloser actually discovers that such material or documents were produced, the Discloser notifies all other Parties (the "Recipient(s)") of the inadvertent disclosure of privileged or confidential items, identifying the material or documents produced and stating the privilege or confidentiality provision asserted. Mere failure to diligently screen documents before producing them does not waive a claim of privilege or confidentiality.

If the Discloser asserts that it inadvertently produced privileged or confidential items in accordance with this Claw Back Agreement, the Recipient(s) must return the specified material or documents and any copies within ten days of the notification. The Recipient(s) must further permanently destroy any electronic copies of such specified material or documents and affirm in writing to counsel for the Discloser of such destruction.

In the event that the Recipient(s) contends the documents are not subject to privilege or confidentiality as asserted by the Discloser in accordance with this Claw Back Agreement, the Recipient(s) may, following the return and destruction described in Paragraph 2 of this Agreement, challenge the privilege claim through a Motion to Compel or other pleading with the District Court in which the Litigation is currently pending. The Parties agree that any review of items by the judge shall be an in-camera review.

Should the Recipient(s) not challenge the Discloser's claim of privilege or confidentiality or should the presiding judge determine that the documents are in fact subject to privilege or confidentiality, the documents, or information contained therein or derived therefrom, may not be used in the Litigation or against the Discloser in any future litigation or arbitration brought by the Recipient(s). Nothing contained within this Claw Back Agreement shall be deemed to waive any objection that any Party may wish to assert under applicable state or federal law.

If the Recipient challenges the privilege or confidentiality of the inadvertently disclosed documents, and prevails on the motion to compel, the Recipient will be entitled to recover reasonable attorney's fees for bringing the motion, to be determined by the Court.

### 8. **Alternative Dispute Resolution:**

Pursuant to Local Rule 26-1 (b)(7), the parties certify that they met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration and if applicable, early neutral evaluation.

### 9. **Alternative Forms of Case Disposition:**

The parties are not consenting to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01).

///
///
///

1. **10.** **Electronic Evidence:**

Pursuant to Local Rule 26-1(b)(9), the parties certify that they agree to provide discovery in an electronic format compatible with the court's electronic jury evidence display system at trial.

Dated this 27th day of April, 2018

**RICHARD HARRIS LAW FIRM**

 /s/  Travis H. Dunsmoor
TRAVIS H. DUNSMOOR
Nevada Bar No.: 13111
801 South Fourth Street
Las Vegas, Nevada 89101
*Attorneys for Plaintiff Earnest Platt*

Dated this 27th day of April, 2018

**ATKIN WINNER & SHERROD**

 /s/  Thomas E. Winner
THOMAS E. WINNER
Nevada Bar No.: 5168
VIRGINIA T. TOMOVA
Nevada Bar No.: 12504
1117 South Rancho Drive
Las Vegas, Nevada 89102
*Attorneys for Defendant*
*National General Insurance Company*

**ORDER**

IT IS SO ORDERED

Dated: May 1, 2018

_____
UNTIED STATES MAGISTRATE JUDGE